IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AUTO-OWNERS INSURANCE COMPANY, | |
| Plaintiff, | |
| v. | |
| RUSSELL 3011 LLC, SHAILESH K. PATEL, PRAVIN K. PATEL, LISA COX, and GII CANTON/CHEROKEE E., LLC, | Civil Action File No. _____ |
| Defendants. | |

**AUTO-OWNERS INSURANCE COMPANY'S**
**COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW Auto-Owners Insurance Company ("Auto-Owners") and hereby files its Complaint for Declaratory Judgment against Russell 3011, LLC ("Russell"), Shailesh K. Patel ("S. Patel"), Pravin K. Patel ("P. Patel"), Lisa Cox ("Cox") and GII Canton/Cherokee E., LLC ("GII"), showing this Honorable Court as follows:

## PARTIES

1.

Auto-Owners is a corporation organized and existing under the laws of the State of Michigan with its principal place of business in Michigan.

2.

Russell is a limited liability company organized under the laws of the State of Georgia with its principal place of business in Georgia. Russell has the following members and/or managers: Shailesh K. Patel, Pravin K. Patel, Savan K. Desai, and Arunaben Patel, each of whom are residents and domiciliaries of Georgia, and whom have the present intention to remain in Georgia and call Georgia their home.

3.

S. Patel is a resident and domiciliary of Georgia, and he has the present intention to remain in Georgia and call Georgia his home.

4.

P. Patel is a resident and domiciliary of Georgia, and he has the present intention to remain in Georgia and call Georgia his home.

5.

Cox is a resident and domiciliary of Georgia, and she has the present intention

to remain in Georgia and call Georgia her home.

6.

GII is a limited liability company organized under the laws of the State of Georgia with its principal place of business in Georgia. GII has the following members and/or managers: John Grimes, Thomas Stokes, Eric Ramazzini, Jessica Ramazzini, and Teasha Sanders, each of whom are residents and domiciliaries of Georgia, and whom have the present intention to remain in Georgia and call Georgia their home.

## JURISDICTION AND VENUE

7.

This Court has original jurisdiction over this action under the provisions of 28 U.S.C. § 1332 because this action is between citizens of different states, who are completely diverse, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

8.

This Court has personal jurisdiction over the Defendants because the Underlying Lawsuit (defined below) is pending in the State Court of Dekalb County, Georgia, which lies within this judicial district and division of the Court.

9.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF ACTION

10.

This is a Complaint for Declaratory Judgment, brought pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, to declare the rights and other legal relations surrounding questions of actual controversy that presently exist between Auto-Owners and the Defendants.

11.

A controversy of a judicial nature presently exists among the parties that demands a declaration by this Court in order that Auto-Owners may have its rights and duties under the relevant contract of insurance determined and avoid the possible accrual of damages.

12.

Each Defendant named herein has been joined in compliance with case law requiring the insurer seeking a declaratory judgment to bring into the action all individuals or entities that have a financial or other interest in the outcome of the coverage issues to be decided through the declaratory judgment.

## THE INCIDENT

### 13.

On February 15, 2019, Cox was injured when she fell on a wheelchair ramp (the "Incident") located at a Citgo Gas Station at 700 Russell Parkway, Warner Robins, Georgia (the "Property").

### 14.

At the time of the Incident, Defendants Russell and/or S. Patel operated the Property.

### 15.

Defendants Russell and S. Patel knew of the Incident at the time it happened or shortly thereafter.

## THE UNDERLYING LAWSUIT

### 16.

On June 18, 2019, Defendant Russell was served with a request for insurance information and a spoliation notice from Cox's counsel related to the Incident (the "Claim"). A true and accurate copy of the request for information is attached hereto as **Exhibit A**.

17.

On or around June 18, 2019, S. Patel was aware of the Claim.

18.

On September 24, 2019, Auto-Owners was notified, for the first time, of the Incident and the Claim.

19.

Notice of the Incident was provided to Auto-Owners over seven (7) months after it occurred.

20.

Notice of the Claim was provided to Auto-Owners over three (3) months after it occurred.

21.

Neither Russell nor S. Patel ever cooperated with Auto-Owners with respect to its investigation of the Incident or Claim.

22.

On October 6, 2020, Cox filed a lawsuit against Russell, S. Patel, P. Patel, and GII in the State Court of DeKalb County, Georgia, civil action file number 20A82659 (the "Underlying Lawsuit"). A true and accurate copy of the complaint

filed in the Underlying Lawsuit is attached hereto as **Exhibit B**.

23.

Russell was served with the Underlying Lawsuit on October 23, 2020.

24.

S. Patel was served with the Underlying Lawsuit on November 20, 2020.

25.

In the Underlying Lawsuit, Cox alleges that Defendants Russell and S. Patel are responsible for the injuries she sustained as a result of the Incident, and the complaint therein alleges the following claims against them: (1) Negligence; (2) Negligence Per Se; (3) Punitive Damages; and (4) a derivative claim for attorney's fees and costs of litigation pursuant to O.C.G.A. § 13-6-11.

26.

Auto-Owners did not receive notice of the Underlying Lawsuit until a default as to liability had been entered against Defendant Russell on January 22, 2021 – approximately three (3) months after Defendant Russell was served in the Underlying Lawsuit, and approximately two (2) months after Defendant S. Patel was served in the Underlying Lawsuit.

27.

Upon notice of the Underlying Lawsuit, and pursuant to a complete reservation of rights, Auto-Owners assigned counsel to its named insured, Russell, for purposes of protecting Russell's interests with respect to the same; however, neither Russell nor its members, owners, managers, or employees have contacted or cooperated with such counsel with respect to the Underlying Lawsuit.

28.

S. Patel is likewise not cooperating with Auto-Owners' attempts to defend his interests against the Underlying Lawsuit subject to a complete reservation of rights.

29.

Currently, a trial by jury on the issue of damages has been demanded by Russell in the Underlying Lawsuit.

**RESERVATION OF RIGHTS**

30.

Auto-Owners issued letters to its named insured, Russell, wherein Auto-Owners provided notice of its reservation of rights to disclaim any obligation under the Policy and to assert the defense of non-coverage. True and accurate copies of the relevant reservation of rights letters are attached hereto as **Exhibit C**.

31.

After receiving notice of the Underlying Lawsuit, and following its default on liability entered therein, Auto-Owners retained counsel to defend Russell in the Underlying Lawsuit on the remaining issue of damages, subject to all reservation of rights letters.

32.

Auto-Owners likewise issued a complete reservation of rights letter to S. Patel, wherein Auto-Owners provided notice of its reservation of rights to disclaim any obligation under the Policy and to assert the defense of non-coverage, and retained counsel to defend S. Patel in the Underlying Lawsuit, subject to the complete reservation of rights. A true and accurate copy of the reservation of rights letter is attached hereto as **Exhibit D**.

33.

For the reasons set forth below, however, the Policy affords no coverage for the claims and damages alleged in the Underlying Lawsuit and, therefore, Auto-Owners has no duty to defend or indemnify Defendants Russell and S. Patel in the Underlying Lawsuit.

## THE INSURANCE CONTRACT

34.

Auto-Owners issued a businessowners liability insurance policy to "Russell 3011 LLC dba Express Stop," policy number 52-107-361-00, with an effective policy period from December 24, 2018 to December 24, 2019 (the "Policy"). A true and accurate copy of the Policy is attached hereto as **Exhibit E**.

35.

The Policy's businessowners liability coverage contains the following relevant definitions, terms, provisions, and conditions:

A.  **COVERAGES**

1.  **Business Liability** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" [or] "property damage" . . . to which this insurance applies. . . .

    a.  This insurance applies only:

        (1)  to "bodily injury" or "property damage":

            (a)  That occurs during the policy period; and

            (b)  That is caused by an "occurrence". . . .

                         .   .   .

- 10 -

    **b.**      We will have the right and duty to defend any "suit" seeking those damages. . . .

. . .

## C.    WHO IS AN INSURED

**1.**     If you are designated in the Declarations as:

. . .

    **c.**      A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

. . .

## E.    LIABILITY AND MEDICAL EXPENSES GENERAL CONDITIONS

. . .

**2.**     **Duties In The Event Of Occurrence, Claim Or Suit**

    **a.**      You must see to it that we are notified promptly of an "occurrence" that may result in a claim. . . .

. . .

    **b.**      If a claim is made or "suit" is brought against any insured, you must see to it that we receive prompt written notice of the claim or "suit".

. . .

    **c.**      You and any other involved insured must:

- 11 -

**(1)**    Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

.  .  .

**(3)**    Cooperate with us in the investigation, settlement or defense of the claim or "suit"[.] . . .

.  .  .

**4.**    **Legal Action Against Us**

No person or organization has a right under this policy:

**a.**    To join us as a party or otherwise bring us into a "suit" asking for damages from an insured; or

**b.**    To sue us on this policy unless all of its terms have been fully complied with.

A person or organization may sue us to recover on an agreed settlement or on a final judgment against an insured obtained after an actual trial; but we will not be liable for damages that are not payable under the terms of this policy or that are in excess of the applicable limit of insurance. An agreed settlement means a settlement and release of liability signed by us, the insured and the claimant or the claimant's legal representative.

.  .  .

**F.**    **LIABILITY AND MEDICAL EXPENSES DEFINITIONS**

.  .  .

9. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

.   .   .

21. "Suit" means a civil proceeding in which damages because of "bodily injury" . . . to which this insurance applies are alleged.

.   .   .   .

*See* Policy, Business Owners Liability Coverage Form (Form No. BP 00 06 01 87), at pp. 1-14; Limited Liability Endorsement (Form No. 54734 (8-95)).

## <u>DECLARATORY JUDGMENT</u>

### COUNT I
### AUTO-OWNERS FAILED TO RECEIVE TIMELY NOTICE OF THE OCCURRENCE AND, THUS, IT HAS NO DUTY TO DEFEND OR INDEMNIFY RUSSELL OR S. PATEL <u>AGAINST THE UNDERLYING LAWSUIT.</u>

36.

Auto-Owners repeats and realleges the foregoing paragraphs as if fully set forth herein.

37.

The Policy issued by Auto-Owners required its insureds to perform certain conditions precedent in the event of an "occurrence," a loss, a claim, or a "suit."

- 13 -

38.

Specifically, as a condition precedent to coverage under the Policy, Russell and S. Patel were required to notify Auto-Owners promptly of an "occurrence" that may result in a claim.

39.

Russell and S. Patel were aware of the Incident as early as the date it occurred, February 15, 2019, or shortly thereafter.

40.

However, notice of the Incident was not provided to Auto-Owners until September 24, 2019.

41.

Accordingly, notice to Auto-Owners of the Incident was delayed for approximately seven (7) months.

42.

Neither Russell nor S. Patel have a sufficient legal justification for failing to notify Auto-Owners of the Incident for over seven (7) months.

43.

By failing to notify Auto-Owners "prompt[ly]" of the Incident, Russell and S.

- 14 -

Patel breached a condition precedent to coverage set forth in the Policy.

44.

Consequently, because Russell and S. Patel breached a condition precedent to coverage under the Policy, Auto-Owners has no duty to defend or indemnify Russell and S. Patel in connection with the Underlying Lawsuit.

45.

Auto-Owners is, therefore, entitled to a declaratory judgment that it is not under a duty to defend or indemnify Russell or S. Patel against any liability, judgment, or settlement resulting from the Underlying Lawsuit.

**COUNT II**
**AUTO-OWNERS FAILED TO RECEIVE TIMELY NOTICE**
**OF COX'S CLAIM AND, THUS, IT HAS NO DUTY**
**TO DEFEND OR INDEMNIFY RUSSELL OR S. PATEL**
**<u>AGAINST THE UNDERLYING LAWSUIT.</u>**

46.

Auto-Owners repeats and realleges the foregoing paragraphs as if fully set forth herein.

47.

The Policy issued by Auto-Owners required its insureds to perform certain conditions precedent in the event of an "occurrence," a loss, a claim, or a "suit."

48.

Specifically, as a condition precedent to coverage under the Policy, Russell and S. Patel were required to provide Auto-Owners with prompt written notice of a claim or "suit."

49.

Moreover, Russell and S. Patel were to ensure that Auto-Owners was served and/or notified "immediately" of any demands, notices, summonses or legal papers received in connection with a claim or "suit."

50.

Russell and S. Patel were aware of Cox's claim as early as February 15, 2019 and as late as June 18, 2019, or shortly thereafter.

51.

However, notice of Cox's claim was not provided to Auto-Owners until September 24, 2019.

52.

Accordingly, notice to Auto-Owners of Cox's claim was delayed for approximately seven (7) months and three (3) months.

- 16 -

53.

Moreover, Russell and S. Patel failed to serve or notify Auto-Owners "immediately" of Cox's demands, notices, summonses or legal papers received in connection with her claim.

54.

Neither Russell nor S. Patel have a sufficient legal justification for failing to notify Auto-Owners of Cox's claim for between seven (7) months and three (3) months.

55.

Neither Russell nor S. Patel have a sufficient legal justification for failing to immediately serve or notify Auto-Owners of any demands, notices, summonses or legal papers received in connection with Cox's claim.

56.

By failing to provide Auto-Owners with prompt written notice of Cox's claim, Russell and S. Patel breached a condition precedent to coverage set forth in the Policy.

57.

By failing to immediately serve or notify Auto-Owners of any demands,

notices, summonses or legal papers received in connection with Cox's claim, Russell and S. Patel breached a condition precedent to coverage set forth in the Policy.

58.

Consequently, because Russell and S. Patel breached conditions precedent to coverage under the Policy, Auto-Owners has no duty to defend or indemnify Russell and S. Patel in connection with the Underlying Lawsuit.

59.

Auto-Owners is, therefore, entitled to a declaratory judgment that it is not under a duty to defend or indemnify Russell or S. Patel against any liability, judgment, or settlement resulting from the Underlying Lawsuit.

**COUNT III**
**AUTO-OWNERS FAILED TO RECEIVE TIMELY NOTICE**
**OF THE UNDERLYING LAWSUIT AND, THUS, IT HAS NO DUTY**
**TO DEFEND OR INDEMNIFY RUSSELL, PATEL, OR GII**
**AGAINST THE UNDERLYING LAWSUIT.**

60.

Auto-Owners repeats and realleges the foregoing paragraphs as if fully set forth herein.

61.

The Policy issued by Auto-Owners required its insureds to perform certain

conditions precedent in the event of an "occurrence," a loss, a claim, or a "suit."

62.

Specifically, as a condition precedent to coverage under the Policy, Russell and S. Patel were required to provide Auto-Owners with prompt written notice of the Underlying Lawsuit.

63.

Moreover, Russell and S. Patel were to ensure that Auto-Owners was served and/or notified "immediately" of any demands, notices, summonses or legal papers received in connection with the Underlying Lawsuit.

64.

Russell and S. Patel were aware of the Underlying Lawsuit as early as October 2020.

65.

However, notice of the Underlying Lawsuit was not provided to Auto-Owners until after a default as to liability was entered against Russell on or about January 22, 2021.

66.

Accordingly, notice to Auto-Owners of the Underlying Lawsuit was delayed

for approximately three (3) months.

67.

Moreover, Russell and S. Patel failed to serve or notify Auto-Owners "immediately" of the Underlying Lawsuit.

68.

Neither Russell nor S. Patel have a sufficient legal justification for failing to provide Auto-Owners with written notice of the Underlying Lawsuit for three (3) months.

69.

Neither Russell nor S. Patel have a sufficient legal justification for failing to immediately serve or notify Auto-Owners of the Underlying Lawsuit.

70.

By failing to provide Auto-Owners with prompt written notice of the Underlying Lawsuit, Russell and S. Patel breached a condition precedent to coverage set forth in the Policy.

71.

By failing to immediately serve or notify Auto-Owners with the Underlying Lawsuit, Russell and S. Patel breached a condition precedent to coverage set forth

in the Policy.

72.

Consequently, because Russell and S. Patel breached conditions precedent to coverage under the Policy, Auto-Owners has no duty to defend or indemnify Russell and S. Patel in connection with the Underlying Lawsuit.

73.

Auto-Owners is, therefore, entitled to a declaratory judgment that it is not under a duty to defend or indemnify Russell or S. Patel against any liability, judgment, or settlement resulting from the Underlying Lawsuit.

**COUNT IV**
**RUSSELL AND S. PATEL FAILED TO COOPERATE WITH AUTO-OWNERS' INVESTIGATION AND DEFENSE AGAINST THE UNDERLYING LAWSUIT AND, THUS, AUTO-OWNERS IS RELIEVED OF ANY DUTY TO DEFEND OR INDEMNIFY SUCH DEFENDANTS <u>AGAINST THE UNDERLYING LAWSUIT.</u>**

74.

Auto-Owners repeats and realleges the foregoing paragraphs as if fully set forth herein.

75.

The Policy issued by Auto-Owners required its insureds to perform certain conditions precedent in the event of an "occurrence," a loss, a claim, or a "suit."

76.

Specifically, as a condition precedent to coverage, and at all times relevant hereto, Russell and S. Patel were, and continue to be, required to cooperate with Auto-Owners in the investigation and defense of any "occurrence," loss, claim or "suit" alleged against them.

77.

Additionally, as a condition precedent to coverage, and at all times relevant hereto, Russell and S. Patel were, and continue to be, required to authorize Auto-Owners to obtain pertinent information related to the investigation and defense of any "occurrence," loss, claim or "suit" alleged against it.

78.

The Underlying Lawsuit, and the circumstances underlying it, constitute an "occurrence," loss, claim or "suit" under the Policy.

79.

Russell and S. Patel have refused, and continue to refuse, to cooperate with Auto-Owners in the investigation and defense of the Underlying Lawsuit, the Incident, and Cox's claim.

80.

Russell and S. Patel have also refused, and continue to refuse, to authorize Auto-Owners to obtain pertinent information related to the investigation and defense of the Underlying Lawsuit, the Incident, and Cox's claim.

81.

By failing to cooperate with Auto-Owners in the investigation and defense of the Underlying Lawsuit, the Incident, and Cox's claim, Russell and S. Patel have breached a condition precedent to coverage set forth in the Policy.

82.

By refusing to authorize Auto-Owners to obtain pertinent information related to the investigation and defense of the Underlying Lawsuit, the Incident, and Cox's claim, Russell and S. Patel have breached a condition precedent to coverage set forth in the Policy.

83.

Consequently, because Russell and S. Patel breached conditions precedent to coverage under the Policy, Auto-Owners has no duty to defend or indemnify Russell and S. Patel in connection with the Underlying Lawsuit.

84.

Auto-Owners is, therefore, entitled to a declaratory judgment that it is not under a duty to defend or indemnify Russell or S. Patel against any liability, judgment, or settlement resulting from the Underlying Lawsuit.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Auto-Owners respectfully prays as follows:

(1)    that this Court declare that it does not owe any duties to defend or indemnify either Russell or S. Patel in the Underlying Lawsuit;

(2)    that judgment be entered in Auto-Owners' favor and against all Defendants;

(3)    that this Court bind each and every named party herein by said judgment;

(4)    that the Court award Auto-Owners all costs, expenses, and attorneys' fees that it is entitled to receive under federal and/or state law; and

(5)    that this Court enter an order granting such other and further relief as justice requires.

- 24 -

This 6th day of April, 2021.

Respectfully submitted,

KENDALL | MANDELL, LLC


 /s/ M. Brandon Howard
Michael C. Kendall
Georgia Bar No. 414030
M. Brandon Howard
Georgia Bar No. 550524
*Attorneys for Auto-Owners Ins. Co.*

3152 Golf Ridge Blvd., Suite 201
Douglasville, Georgia 30135
Telephone:   (770) 577-3559
Facsimile:    (770) 577-8113
mckendall@kendallmandell.com
mbhoward@kendallmandell.com